SUSAN L. S. Steiger DONDERSHINE
Attorney at Law -- CASBN 135249
Palo Alto Office:407 South California Avenue,  Palo Alto
East Palo Alto Office:2111B University Avenue, East Palo Alto
*MAILING ADDRESS:407 SOUTH CALIFORNIA AVENUE,
             PALO ALTO, CA. 94306*
Phone:  (650) 326-8100; Fax:  (650) 326-3500
E-mail:susandondershine@gmail.com
Attorney for Defendant
   THANH T. DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL HOLBROOK,<br><br>    Plaintiff,<br><br><br><br><br>   Vs.<br><br><br><br><br><br><br><br>THANH T. DUONG dba HECKER PASS GAS & MART aka SHELL MINI MART; YANG H. PAE and YOUNG S. PAE,<br><br><br><br>    Defendants.<br>_____ | ) Case No. CV 10-05414 PSG<br>)<br>) DEFENDANT THANH T. DUONG'S (I) NOTICE<br>) OF MOTION; AND (II) SEPARATELY-<br>) BROUGHT MOTION FOR SANCTIONS<br>) AGAINST PLAINTIFF'S ATTORNEYS K.<br>) K. RANDOLPH MOORE AND TANYA MOORE<br>) UNDER FRCP 11 (b) and (c)  FOR<br>)  INTENTIONALLY FILING VEXATIOUS AND<br>) NON-MERITORIOUS ADA LAWSUIT AGAINST<br>) NON-LIABLE, IMPROPER DEFENDANT<br>) DUONG; and, support of Motion,<br>) (III) MEMORANDUM OF POINTS AND<br>)  AUTHORITIES OF DEFENDANT'S<br>)  ATTORNEY DONDERSHINE; and PROPOSED<br>)  ORDER, ATTACHED,<br>)<br>) Hearing on Defendant's Motion for Sanctions [and<br>) Separately-Brought/Cotemporaneously-Filed<br>) Defendant's Motion to Dismiss], February 8,<br>) 2011, 10:00 a.m., HON. PAUL S. GREWAL,<br>) PRESIDING.<br>) |

(I) THE NOTICE OF MOTION

   TO PLAINTIFF'S ATTORNEYS MOORE LAW FIRM, P.C..; K. RANDOLPH MOORE, ESQ.;  TANYA MOORE, ESQ.; PLAINTIFF MICHAEL HOLBROOK; AND THE CLERK OF THIS COURT:

(A)  PLEASE TAKE NOTICE that on Tuesday, February 8, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendant Thanh T. Duong dba Hecker Pass Gas & Mart aka Shell Mini Mart,, by and through counsel, will ask the Honorable Paul S. Grewal to order sanctions against Plaintiff's Attorneys K. Randolph Moore and Tanya Moore for intentionally filing this vexatious, non-meritorious ADA lawsuit against non-liable, improper Defendant Thanh T. Duong.

This motion will be based upon this notice of motion; the motion; the attached declaration/memorandum of points and authorities of Attorney Dondershine that also supports Defendant Duong's cotemporaneously-filed Motion to Dismiss in this matter;  the contemporaneously-filed Motion to Dismiss in this matter; the case file and record; all other case files in Federal and California State Courts of ADA actions brought by Plaintiff's Attorneys and/or Plaintiff; and such oral argument and evidence as may be presented at the hearing on this matter.

(B) PLEASE TAKE FURTHER NOTICE that Mr. Duong's Motion to Dismiss this matter based on and supported with similar law and similar facts in this Motion for Sanctions has been this date separately filed and set for hearing cotemporaneously [on February 8, 2011, at 10:00 a.m.] with this separately-brought Motion for Sanctions.

Dated:January 25, 2011                           Respectfully submitted,

_____/s/_____
SUSAN L. S. Steiger DONDERSHINE,
Attorney at Law,
Attorney for
   Defendant THANH T. DUONG

(II) THE MOTION

(A) ORDER SOUGHT:  Mr. Duong respectfully requests that on Tuesday, February 8, 2011, at 10:00 a.m., the Court will order sanctions against Plaintiff's Attorneys K. Randolph Moore and Tanya Moore for intentionally filing this vexatious, non-meritorious ADA lawsuit against non-liable, improper Defendant Thanh T. Duong.

(B) LEGAL AND FACTUAL GROUNDS ON WHICH MOTION IS BASED:

(III)  MEMORANDUM OF POINTS AND AUTHORITIES

1. THE LAW:

(a)  UNDER FRCP 11 (b) and (c), A DEFENDANT'S SEPARATELY-BROUGHT MOTION FOR SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS  BASED ON INTENTIONALLY BRINGING A VEXATIOUS, NON-MERITORIOUS ADA LAWSUIT AGAINST A NON-LIABLE, IMPROPER DEFENDANT IS PROPERLY MADE POST-FILING OF COMPLAINT//PRE-REPONSE

 (b)  FRCP 11 SANCTIONS ARE THE APPROPRIATE REMEDY WHERE THE "SERIAL" ATTORNEYS KNOWINGLY MISREPRESENTED BOTH THE LAW AND THE FACTS TO THIS FEDERAL DISTRICT COURT IN INTENTIONALLY FILING AN ADA LAWSUIT LACKING JURSDICTION BASED ON "SERIAL" PLAINTIFF'S LACK OF STANDING.

(c) THE "SERIAL" ATTORNEYS KNOW BOTTOM LINE FEDERAL LAW THAT THERE CANNOT BE A LAWSUIT IN FEDERAL COURT WITHOUT FEDERAL COURT FEDERAL JURISDICTION AND THERE CANNOT BE FEDERAL COURT JURISDICTION WHERE THE PLAINTIFF HAS NO ARTICLE III STANDING.  *Warth v. Seldin* (1975), 422 U.S. 490, 498; *Lujan v. Defenders of Wildlife* (1992), 504 U.S. 555.

i. Under Article III of the Constitution, there are three standing requirements: (1) plaintiff must have suffered an "injury in fact," that is "an invasion of a legally protected

interest" which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical;  2) a causal connection between the injury and the challenged conduct; and (3) the injury's redressability by a favorable judicial decision. *Lujan v. Defenders of Wildlife, Ibid.,* 560-561;  *Disabled Patriots of Am., Inc. v. Lane Toledo, Inc./Disabled Patriots of Am., Inc. v. Suemar Realty, Inc.* (N.D. Ohio 2004), 325 F. Supp. 2d 837.

    ii.  A disabled individual who files an ADA action for prospective (injunctive) relief under 42 U.S.C. must satisfy the Lujan requirements as follows:

    (A)  to establish "injury in fact," the plaintiff must establish "likelihood to return," i.e., specifically, the plaintiff must "establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice.]" *City of Los Angeles v. Lyons* (1983), 461 U.S. 95, 75 L. Ed. 2d 675; *Access 4 All, Inc. v. OM Mgmt., LLC (S.D. Ohio 2007), Case No. 2:06-cv-0374, 2007 U.S. Dist. (LEXIS) 35429;*

    (B)  in determining whether the injury is "concrete and particularized," the Court must consider the plaintiff's likelihood of returning to the public accommodation.  Access 4 All, Inc. v *Absecon Hospitality Corp. (D.N.J. 2006), Civ. Action No. 04-6060 (JEI), 2006 U.S. Dist. LEXIS 79264*.  The plaintiff must "prove knowledge of the barriers and that [he] would visit the building in the imminent future but for those barriers".  *Steger v. Franco, Inc.* (8th Cir., $2000), 228 F.3d 889; see also *Pickern v. Holiday Quality Foods Inc.* (9th Cir., 2002), 293 F.3d 1133.  "Some day intentions – without any description of concrete plans, or indeed even any speculation of when the some day will be – do not support a finding of the actual or imminent injury".  Lujan, supra, at 554.  One factor in determining if plaintiff is likely to return is the plaintiff's past patronage of the defendant's place of public accommodation.  539 Absecon Blvd., supra.;

    (C)  to establish "redressability," the plaintiff must be a bona fide patron of the

public accommodation, such that the injury complained of would likely be redressed by a favorable decision.  There are a slew of cases in all districts where STANDING WAS NOT ESTABLISHED FOR FAILURE TO PROVE LIKELIHOOD OF RETURN, including Steger, supra, 8th Circuit, where plaintiff's claims were properly dismissed where those plaintiffs presented no knowledge of the building's barriers, whether they had ever been in the building, and no evidence of likelihood to visit the building in the imminent future.  A "SERIAL LITIGANT" WHOSE SOLE PURPOSE IS TO VISIT AN ESTABLISHMENT TO CHECK FOR ADA VIOLATIONS IS A "TESTER," NOT A BONA FIDE PATRON.   Such a tactic fails to meet the redressability requirement because, once litigation is complete, it is unlikely the plaintiff will return to the establishment.  *Harris v. Stonecrest Care Auto Ctr. (S.D. 2007), Case No. 04cv 2593-LAB (LSP) U.S. Dist. LEXIS 8805.*

(d)  NINTH CIRCUIT CONTROLLING CASE LAW (IN MOLSKI V. EVERGREEN DYNASTY CORP., ET AL., 500 F. 3d 1047 [2007]) IS CRYSTAL CLEAR THAT "SERIAL"/"VEXATIOUS"/""HARASSING"/"LAWYER MILL" ATTORNEYS -- WHO COLLABERATE WITH/"ENCOURAGE" "SERIAL LITIGANTS"/"VEXATIOUS LITIGANTS"/ "PROFESSIONAL PLAINTIFFS"/"FREQUENT FILERS"/"DRIVE-BY L$ITIGANTS" IN BRINGING A MULTITUDE OF "DUPLICATIVE"/BOILERPLATE"/ "COOKIE-CUTTER" ADA LAWSUITS WHERE THEY "PIGGY-BACK" A CALIFORNIA STATE  CIVIL RIGHTS UNRUH CLAIM (WHICH PROVIDES MANDATORY MINIMUM STATUTORY DAMAGES OF AT LEAST $4,000 PER VIOLATION) TO ADA INJUNCTIVE RELIEF (WHICH PROVIDES ATTORNEYS FEES TO PLAINTIFF'S ATTORNEY)  IN A "SUE AND SETTLE SCAM" WHICH INTIMIDATES THE SMALL BUSINESS OWNER INTO CAPITULATION REGARDLESS IF THE LAWSUIT IS UNMERITORIOUS --

SHOULD (#1) HAVE THEIR WRONG ACTIONS DISMISSED; AND (#2), SHOULD REQUIRE ANY FUTURE ACTIONS HAVE PRE-FILING COURT PERMISSION; AND (#3) ****SHOULD HAVE SANCTIONS ORDERED AGAINST THEM****; AND (#4) SHOULD HAVE DISCIPLINARY ACTION BY THE STATE BAR RECOMMENDED BY THE FEDERAL DISTRICT COURT JUDGE.

    2. THE SWORN FACTS BELOW:

A. ATTORNEY DECLARATION: I, SUSAN L. S. Steiger DONDERSHINE, Attorney at Law and Defendant Thanh T. Duong's Attorney in this matter, swear under penalty of perjury under the laws of the State of California and the United States of America to the truth and correctness of my facts to this Court.

B. PROCEDURAL POSTURE OF THE CASE:

  1. On November 10, 2010, Plaintiff's Attorneys filed ADA Complaint against owners of property Defendants Yang and Young Pae and against renter of property/owner of gas station and mini food mart on property Thanh T. Duong.

  2. On December 3, 2011, Mr. Duong was served with summons and complaint.

  3. On January 7, 2011, Mr. Duong hired Attorney Dondershine to represent him.

  4. On January 12, 2011, Attorney Dondershine filed a stipulation extending his time to answer to February 8, 2011.

  *5. TO DATE, PLAINTIFF'S ATTORNEY HAS NOT SERVED SUMMONS AND COMPLAINT ON ON PROPERTY OWNERS YANG AND YOUNG PAE.*

**C. FACTS IN SUPPORT OF ORDERS AND OTHER RELIEF REQUESTED: JUST LIKE IN MOLSKI, "SERIAL" PLAINTIFF'S ATTORNEYS K. RANDOLPH MOORE AND TANYA MOORE AND "SERIAL" PLAINTIFF MICHAEL HOLBROOK HAVE BRAZENLY COLLABERATED IN BRINGING NON-MERITORIOUS ADA

LAWSUITS IN THIS AND OTHER FEDERAL COURTS TO INTENTIONALLY INTIMIDATE BLAMELESS, SCARED LOCAL SMALL BUSINESS OWNERS TO SETTLE SO THE ATTORNEYS AND THE PLAINTIFF COULD CASE-AFTER-CASE MAKE THEIR ILLEGAL LIVINGS POCKETING MANDATORY DAMAGES AND ATTORNEY'S FEES.**

(a)     1. Even my brief and cursory preliminary investigation of Mr. Duong's case leaves no doubt whatsoever that Attorneys K. Randolph Moore and Tanya Moore are classic "serial"/"vexatious"/"harassing"/"lawyer mill" attorneys who collaborate with/"encourage" "serial litigants"/"vexatious litigants"/"professional plaintiffs"/"frequent filers"/"drive-by litigants" in a "sue and settle scam" of robbing non-liable small business owners of mandatory minimum damages and attorney's fees by bringing a multitude of "duplicative"/"boilerplate"/"cookie-cutter" ADA lawsuits with a "piggy-backed State Unruh civil rights claim in multiple Federal Courts to purposely intimidate non-liable, scared *FEDERAL COURT DEFENDANTS WHO HAVE BROKEN FEDERAL LAWS.*

2. On Friday, January 7, 2011, after I was hired by Mr. Duong, I called and spoke with Plaintiff's Attorney Tanya Moore. My primary purpose was to ask her to stipulate to more time for Mr. Duong's time to respond and to disclose to her the facts that I have disclosed to the Court in "(c)," showing that she had improperly named Mr. Duong as a Defendant and had caused him both economic and personal harm by her "spray everybody" lawsuit without investigating the facts.

3. I was shocked by Attorney Tanya Moore's response to me. She turned a deaf ear to the facts, said they were "irrelevant," and proceeded to try to intimidate me and Mr. Duong with the following preachy and obviously-boilerplate "sue and settle" pitch right out of the Ninth Circuit Molski case: "He better settle soon. The sooner he settles, the less damages and my

attorney's fees he'll have to pay.  *HOWEVER,  EVEN IF HE DOES SETTLE, HE'S STILL LIABLE FOR AT LEAST $4,000 MANDATORY MINIMUM DAMAGES AND MY ATTORNEY'S FEES".   AND FOR EVERY MINUTE I SPEND ON THIS CASE – INCLUDING 'TEACHING YOU THE LAW' – I'M ENTITLED UNDER ADA LAW TO MY ATTORNEY'S FEES.  I'M ONLY FOLLOWING THE LAW".*

4.  Furthermore, Attorney Tanya Moore readily and proudly admitted to me not only that she had filed many other lawsuits on behalf of Plaintiff Michael Holbrook *IN THIS SAN JOSE FEDERAL COURT*,  but that she had repeatedly ENCOURAGED" him to be *"HER"* plaintiff.  Their bad-faith tactics were right out of the Molski case:  She said that Mr. Holbrook "drove around in his handicapped van" for the purpose of finding businesses for her to to sue under ADA law.

5.  She asked me to help her try to find the owners of the property, then followed her request by reminding me that whatever contacts she would have with me to help facilitate her request "would of course be chargeable as her attorney's fees against Mr. Duong".  Before I terminated my phone call, I told her straight out that she was unethically making it impossible for me to work cooperatively with her towards resolution because every burp she made would be charged against my client as attorney's fees to her!  I noticed her that I would now, right at the getko, go directly to Magistrate Judge Grewal for remedial orders on behalf of Mr. Duong.

6.  Based on Attorney Moore's revelation to me of her having filed other ADA lawsuits on behalf of Plaintiff Michael Holbrook, I  subsequently used PACER to search for lawsuits recently filed in this Court by Plaintiff Michael Holbook; and I found that *THE FOLLOWING SIX ADA LAWSUITS NAMING MICHAEL HOLBROOK AS

PLAINTIFF HAD BEEN FILED IN THIS SAN JOSE COURT BY ATTORNEYS K. RANDOLPH MOORE AND TANYA MOORE IN THE LAST 6 MONTHS*:

#1. On July 13, 2010, Attorneys Moore filed ADA lawsuit on behalf of Plaintiff Michael Holbrook against Lynn Tu, et al, Case No. CV-03070.

#2. On July 29, 2010, Attorneys Moore filed ADA lawsuit on behalf of Plaintiff Michael Holbrook against Robinson Oil Corp., et al (another local gas station, known as "Robin Ruby Gas Station"), Case No. CV-03339.

#3. On August 10, 2010, Attorneys Moore filed ADA lawsuit on behalf of Plaintiff Michael Holbrook against Gilroy Village Shopping Center, LLC, et al, Case No. CV-03499 JF.

#4. On August 16, 2010, Attorneys Moore filed ADA lawsuit on behalf of Plaintiff Michael Holbrook against Long House Restaurant, Inc., et al, Case No. CV-03560 HRL.

#5. On November 19, 2010, Attorneys Moore filed ADA lawsuit on behalf of Plaintiff Michael Holbrook against ACE Hardware Corp., et al, Case No. CV-05255 HLR.

*#6. ON NOVEMBER 10, 2010, ATTORNEYS MOORE FILED **THIS** ADA LAWSUIT ON BEHALF OF PLAINTIFF MICHAEL HOLBOOK AGAINST TRANH DUONG, ET AL, CASE NO. 05414 PSG*.

6. And the above 6 recent filings are just the result of a cursory search under "Holbrook". Heaven knows how many more there are filed over the years by Attorneys Moore with other named plaintiffs! Hopefully, a State Bar investigation for discipline against K. Randolph Moore and Tanya Moore will uncover all of them.

7. I reasonably expect there are others – not only in this County, but in far-away Counties as well -- because my subsequent cursory Google search of "Moore Law Firm, San

Jose" revealed the following April 12, 2010 Online Fresno Bee (newspaper) posting by reporter Marc Benjamin:

> "VALLEY LAWSUITS OVER DISABILITIES RAISE QUESTIONS.
> Since August [of 2009], Randy Moore's San Jose law firm filed another wave of [**45**] suits in U.S. District Court in Fresno".

8.  Attorneys K. Randolph Moore and Tanya Moore's year-after-year intentionally vexatious double-digit and maybe triple-digit filings in multiple Federal Courts for their wrong pecuniary gain are multiple bad-faith breaches of their high ethical duties.  Just as the Molski Central District Court Judge Edward Rafeedie pulled Molski's attorney's plug, and the Ninth Circuit affirmed, so should our Northern District Court Magistrate Judge Grewal stop these greedy, unfit lawyers from further damaging good small business owners like Mr. Duong by targeting them as *FEDERAL COURT DEFENDANTS WHO HAVE BROKEN FEDERAL LAWS*.

(b) PLAINTIFF MICHAEL HOLBROOK IS PRECISELY THE MOLSKI "SERIAL LITIGANT"/"VEXATIOUS LITIGANT"/"PROFESSIONAL PLAINTIFF"/"FREQUENT FILER"/"DRIVE-BY LITIGANT" THAT DISTRICT COURT JUDGE EDWARD RAFEEDIE AND THE NINTH CIRCUIT JUDGES PUT OUT OF BUSINESS:

1.  Mr. Holbrook  is not a disabled employee of Mr. Duong's who regularly needs to use the bathroom.

2.  Mr. Holbrook is not even a disabled customer of Mr. Duong's who even occasionally needs to use the bathroom.

3.  Mr. Holbrook's  intentionally forcing many small business owners in our community like Mr. Duong – who (please see "c, below")  are suffering enough during

this prolonged recession just to stay afloat -- to spend their and their family's money and time and lost sleep as *FEDERAL COURT DEFENDANTS WHO HAVE BROKEN FEDERAL LAWS* makes a mockery of the legitimate goals of the Americans with Disabilities Act.

      4.   Mr. Holbrook is without standing in this Federal Court and has no business monopolizing the strained resources of this Federal Court for the wrong purpose of his own pecuniary gain.  He is brazenly intentionally harming innocent members of our Santa Clara County community.  Our District Court Magistrate Judge Grewal needs to put him out of business.

(c)  THANH T. DUONG IS NOT A PROPER ADA DEFENDANT:  HE IS A STRUGGLING MONTH-TO-MONTH RENTER OF A DILAPITED REAL PROPERTY IGNORED BY A DISTANT OWNER:

      1.   Mr. Duong rents month-to-month for $9,000 a month the property owned by Yang H. Pae and Young S. Pae.

      2.   The owners live out of town and have been unaccessible to Mr. Duong for many years.

      3.   The property is old, has never undergone even minor repairs or improvement, and is in bad shape.

      4.   Mr. Duong's gas station/mini food mart business is doing very badly during the recession.  He cannot afford to pay any full-time employees to help him run the gas station.  Mr. Duong and his wife work 7 days a week for long hours with the help of only one half-time employee to run the business.  THE BUSINESS SUPPORTS BOTH HIS AND THE PART-TIME EMPLOYEE'S FAMILIES.

5. Even though he has cut labor costs to rock bottom, Mr. Duong cannot make ends meet during this recession. Business is bad. Mr. Duong has been forced to take equity out of his family residence to try to rescue his sinking business. He has recently had to spend over $20,000 to upgrade the gasoline dispensers to be in compliance with State laws.

6. Mr. Duong's gas station business fails to provide enough profit to support his family of four – his wife and his two college-age daughters. He has run out of money to help with his two daughters's tuition bills, forcing both young women to take out big loans.

7. This vexatious lawsuit by Attorneys Moore/Plaintiff Holbrook against him has already caused devastating financial and personal harm to Mr. Duong.

8. In addition to having to pay a lawyer to defend him and losing time from work working with his lawyer, Mr. Duong has suffered a lot of lost sleep worrying about the consequences of of being a *FEDERAL COURT DEFENDANT WHO BROKE FEDERAL LAWS*. He has truly been intimidated by Attorney Tanya Moore's stated intentions to get "at least $4,000 minimum damages and my attorney's fees" out of him no matter what.

9. Even before this lawsuit, Mr. Duong feared he could lose his unstable month-to-month rental and be kicked out at any time. Now he is worried that this lawsuit will further damage the tenuous relationship he has had with the distant, unavailable landlord.

10. Mr. Duong's reasonable fears of the loss of his month-to-month rental and consequently the loss of his business and consequently the loss of his livelihood and consequently the loss of his ability to support his family have been validated by the fact

that he knows several small business owners in Santa Clara County whose businesses have literally destroyed by these vexatious ADA lawsuits.

   11. Mr. Duong is a good man and a good American citizen and a good contributing member of our Santa Clara County community. He has lived and worked in the United States for 25 years. He has an unblemished record. He has never been in criminal or civil trouble. He has never been sued. He has never sued anyone. He and his wife and two daughters are a close and loving and supportive family. Mr. Duong needs and deserves the intervention of this Federal District Court Magistrate Judge Grewal to end this judicial nightmare now.

CONCLUSION

   I IMPLORE MAGISTRATE JUDGE GREWAL TO ORDER SANCTIONS AGAINST THESE "SERIAL"/VEXATIOUS/GREEDY/UNFIT LAWYERS **NOW** (AND TO DISMISS THEIR NON-MERITORIOUS LAWSUIT AGAINST MR. DUONG **NOW**]. MR. DUONG IS NOT A PROPER DEFENDANT. FUTURE FEES AND COSTS AND LOST SLEEP WILL NOT MAKE HIM A PROPER DEFENDANT, *BUT WILL ONLY CAUSE MORE HARM AND SUFFERING TO MR. DUONG. THIS KIND OF LAWSUIT REQUIRES MANDATORY AND FINANCIALLY-EXPENSIVE AND TIME-CONSUMING ATTORNEY WORK SUCH AS "DISCLOSURE RE: CONSTRUCTION OR ALTERATION HISTORY OF SUBJECT PREMISES" AND "JOINT INSPECTION OF PREMISES" AND "MEET AND CONFER IN PERSON TO DISCUSS SETTLEMENT". SUBSTANTIAL SANTIONS, DISMISSAL, AND A STATE BAR DISCIPLINE RECOMMENDATION FROM MAGISTRATE JUDGE GREWAL WILL SERVE TO PREVENT THESE GREEDY ATTORNEYS MOORE FROM USING THESE MANDATORY REQUIREMENTS TO GENERATE HIGH

ATTORNEYS FEES THAT MR. DUONG WILL HAVE TO PAY.  AS THE COURT CAN SEE, ATTORNEYS MOORE HAVE MR. DUONG IN A CATCH-22.  IF HIS ATTORNEY TRIES TO TALK TO HER TO EXTRICATE HIM FROM THIS IMPROPER LAWSUIT,  SHE TURNS ON HER BILLABLE-HOUR CLOCK TO GET FEES.   AND IF HER INTIMIDATING TACTICS FORCE HIM TO SETTLE A  NON-MERITORIOUS MATTER, SHE GETS SUBSTANTIAL ATTORNEY'S FEES OUT OF HIS POCKET.  MR. DUONG NEEDS MAGISTRATE JUDGE GREWAL'S EARLY INTERVENTION TO END THIS UNFAIR NIGHTMARE *NOW* OF A GOOD AND NON-LIABLE MAN BEING FORCED TO DEFEND HIMSELF IN FEDERAL COURT AND LIKELY TO LOSE HIS BUSINESS AND HIS LIVELIHOOD BECAUSE OF THE GREEDY, UNETHICAL LAWYERS K. RANDOLPH MOORE AND TAN YA MOORE WHO HAVE DONE MULTIPLE FRAUDS ON THISW COURT.   THANK YOU.

                Respectfully submitted,

Dated: January 25, 2011

          _____/s/_____
          SUSAN L. S. Steiger DONDERSHINE,
          Attorney at Law,
          Attorney for Defendant THANH T. DUONG

SUSAN L. S. Steiger DONDERSHINE
Attorney at Law -- CASBN 135249
Palo Alto Office:407 South California Avenue,  Palo Alto
East Palo Alto Office:2111B University Avenue, East Palo Alto
<u>*MAILING ADDRESS:407 SOUTH CALIFORNIA AVENUE,</u>
<u>                PALO ALTO, CA. 94306*</u>
Phone:  (650) 326-8100; Fax:  (650) 326-3500
E-mail:susandondershine@gmail.com
Attorney for Defendant
   THANH T. DUONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MICHAEL HOLBROOK, | ) | Case No. CV 10-05414 PSG |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER |
| | ) | |
| Vs. | ) | |
| | ) | |
| THANH T. DUONG dba HECKER PASS GAS & MART aka SHELL MINI MART; YANG H. PAE and YOUNG S. PAE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

THE COURT'S ORDER

GOOD CAUSE APPEARING, THIS COURT ORDERS SANCTIONS

AGAINST ATTORNEYS K. RANDOLPH MOORE AND TANYA MOORE, JOINTLY

AND SEVERALLY,  IN THE AMOUNT OF $            .

February      , 2011         _____
                             HON. PAUL S. GREWAL, MAGISTRATE JUDGE

Case 5:10-cv-05414-PSG     Document 11     Filed 01/25/11     Page 16 of 16