UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL HOLBROOK,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>THANH T. DUONG DOING BUSINESS<br>AS HECKER PASS GAS & MART ALSO<br>KNOWN AS SHELL MINI MART, ET<br>AL.,<br>　　　　　Defendants. | Case No.: C 10-05414 PSG<br><br>**ORDER DENYING DEFENDANT<br>DUONG'S MOTION TO DISMISS;<br>ORDER DENYING DEFENDANT<br>DUONG'S MOTION FOR SANCTIONS**<br><br>(Docket Nos. 15, 16) |

Defendant Thanh T. Duong ("Duong") doing business as Hecker Pass Gas & Mart also known as Shell Mini Mart moves to dismiss the complaint based on Plaintiff Michael Holbrook's ("Holbrook") lack of standing. Separately, Duong moves for sanctions pursuant to Rule 11. Holbrook opposes the motion. On March 22, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, Duong's motion to dismiss and motion for sanctions is DENIED.

**I. BACKGROUND**

Duong rents and operates a Shell Mini Mart ("mini mart") located in Gilroy, California. Defendants Yang H. Pae and Young S. Pae ("Paes") own the premises.[1] It is a gasoline station and retail mini mart open to the public. Holbrook is quadriplegic and requires use of a wheelchair to

---

[1] At the hearing, Holbrook advised the court that the Paes have only recently been served. They have not yet appeared in the case.

ORDER, *page 1*

travel in public. By law, he alleges that he is physically disabled.

During a visit to the mini mart, Holbrook alleges that he encountered numerous physical and intangible barriers that interfered with - if not outright denied - his ability to use and enjoy the goods, services, privileges, and accommodations offered there. As a result, Holbrook was prevented from enjoying full and equal access to the mini mart. He alleges that "[h]e continues to be deterred from visiting the [mini mart] because of the future threats of injury created by these barriers."

Holbrook alleges the following claims: (1) denial of full and equal enjoyment and use, failure to remove architectural barriers in an existing facility, failure to design and construct an accessible facility, failure to make an altered facility accessible, failure to modify existing policies and procedures under the American with Disabilities Act of 1990; (2) Disabled Persons Act; (3) Unruh Civil Rights Act; and (4) denial of full and equal access to public facilities.

## II. LEGAL STANDARDS

**A.     Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[2] In other words, a complaint must have sufficient factual allegations to "state a claim for relief that is plausible on its face."[3] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] Accordingly, under Fed.R.Civ.P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]

---

[2]     *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[3]     *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[4]     *Id.* at 1940.

[5]     *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[6] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[7] The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[8] Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[9]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[10] If dismissing with prejudice, a district court's failure to consider the factors relevant to whether amendment should be permitted and failure to articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion.[11]

**B.    Standing**

A party invoking federal jurisdiction has the burden of establishing that its has satisfied the "case-or-controversy" requirement of Article III of the Constitution.[12] Standing is a "core component" of that requirement.[13] To meet its burden of establishing standing, a party must show the following:

> First, [it] must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not

---

[6]   *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[7]   *See id.* at 1061.

[8]   *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

[9]   *See In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

[10]   *Eminence Capital, LLC v. Asopeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

[11]   *See id.* at 1052.

[12]   *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

[13]   *See id.*

Case 5:10-cv-05414-PSG   Document 26   Filed 03/24/11   Page 4 of 7

> conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[14]

A plaintiff seeking injunctive relief must additionally demonstrate "a sufficient likelihood that he will again be wronged in a similar way."[15] A plaintiff must establish a "real and immediate threat of repeated injury."[16] "Other circuits also recognize that "An ADA plaintiff demonstrates a sufficient likelihood of future harm to establish standing to sue for injunction when he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury."[17]

However, "[d]emonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."[18] A plaintiff may also allege a suffering from a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.[19] Each of these elements "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."[20] The evidence relevant to the standing inquiry consists of "the facts as they existed at the time the plaintiff filed the complaint." In evaluating whether a civil rights litigant has satisfied these requirements, "[t]he Supreme Court has instructed us to take a broad view of constitutional standing . . . . especially, where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'"[21]

---

[14] *See id* at 560-561.

[15] *See City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

[16] *See id.* at 102, 103 S.Ct. 1660.

[17] *See Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 948 (9th Cir. 2011).

[18] *See id.* at 949.

[19] *See id.*

[20] *See id.* at 561.

[21] *See Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008)(citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1036 (9th Cir. 2008).

## III. DISCUSSION

**A.    Motion to Dismiss**

Duong argues that Holbrook lacks standing to prosecute the action and is merely harassing him in light of an undisputed record for bringing similar actions against other small business owners elsewhere.  Specifically, Duong disputes whether Holbrook has satisfied the requirement that he has suffered an "injury in fact."  Duong argues that to establish an "injury in fact" here, Holbrook must allege a likelihood to return and that any intention to return must be more than speculative.  According to Duong, Holbrook's counsel so much as admitted that "he drives around in his handicapped van for the purpose of finding businesses for [his counsel] to sue under ADA law"[22] and therefore, has no intention of ever returning to patronize the mini mart.

Holbrook refutes Doung's efforts to cast him as a vexatious litigant.  Indeed, the Supreme Court has recognized that a broad view of constitutional standing is necessary because under the ADA, private suits are the primary method to enforce compliance with the law.  Holbrook includes a declaration to support his opposition to the motion to dismiss, stating that he lives less than one mile from the mini mart and that he had once patronized it as a high school student.  The declaration further contends that, since his accident in 2001, which rendered Holbrook a quadriplegic, the barriers at the mini mart have prohibited him from patronizing the mini mart to purchase gasoline and snack foods he otherwise enjoys.  To establish actual or imminent harm for purposes of standing, Holbrook argues that he need only allege knowledge of the barriers, which exist at the mini mart, together with an intention to return once the barriers are removed.[23]  In the declaration, Holbrook details his knowledge of the barriers inside and around the mini mart, including aisles too narrow for a wheelchair, a restroom too small to accommodate a wheelchair, the lack of van accessible parking spaces or other safe, level areas to park where use of a wheelchair lift can be safely accomplished, and unsafe sidewalks and ramps, which might cause his wheelchair to flip over and hurt him.  Holbrook states that he would like to return to the mini mart because it is located in

---

[22]    Amended Notice of Motion to Dismiss at 8.

[23]    *See Pickern v. Holiday Quality Foods,* 293 F.3d 1133, 1138 (9th Cir. 2002).

his neighborhood and it has inexpensive cigarettes and "good prices on snack foods."[24]

In the complaint, Holbrook alleges only that "[h]e continues to be deterred from visiting the [mini mart] because of the future threats of injury created by these barriers." It lacks any detailed factual allegations demonstrating that Holbrook intends to ever return to the mini mart. As now plead, Holbrook's counsel conceded at oral argument that sufficient facts had not been alleged regarding Holbrook's intent to ever return to the mini mart. Notwithstanding this concession, the Ninth Circuit explicitly has stated that demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief.[25] In fact, in *Chapman v. Pier 1 Imports,* the Ninth Circuit explicitly declares that "a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation" recognizing that "[j]ust as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's 'existing or imminently threatened noncompliance with the ADA,' a plaintiff who is deterred from patronizing a store suffers the ongoing 'actual injury' of lack of access to the store."[26] As a result, because Holbrook has alleged that the future threats of injury created by the barriers in the mini mart continue to deter him from returning there, he has sufficiently plead an "injury in fact." Duong's motion to dismiss is therefore denied.

**B.    Motion for Sanctions**

Duong further moves for sanctions pursuant to Rule 11.[27] However, based on the discussion above, Duong's motion for sanctions is denied.

---

[24]    *See* Docket No. 22, Exh. 3.

[25]    *See Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d at 949. Neither party referenced the *Chapman* case in the moving or opposition papers.

[26]    *See id.* at 950.

[27]    The court notes the *ad hominem* attacks levied against Holbrook and his counsel in Duong's motion for sanctions. The parties and counsel are advised in the strongest possible terms that such attacks against a party or counsel will not be tolerated in the future.

ORDER, *page 6*

### IV.  CONCLUSION

For the foregoing reasons, Duong's motion to dismiss and motion for sanctions are DENIED.

IT IS SO ORDERED.

Dated:   March 24, 2011

*Paul S. Grewal*
_____
PAUL S. GREWAL
United States Magistrate Judge